# MABEL L. SUTTON v. ST. PAUL CITY RAILWAY COMPANY.

90 N. W. (2d) 722.

May 29, 1958—No. 37,294.

*Nahurski & Cyptar,* for appellant.
*John E. Castor,* for respondent.

THOMAS GALLAGHER, JUSTICE.

Action for personal injuries sustained by plaintiff when she fell while a passenger in defendant's motorbus. The jury returned a verdict in favor of defendant and appeal is taken from an order denying plaintiff's motion for judgment notwithstanding the verdict or for a new trial.

In its instructions the trial court charged the jury as follows:

"* * * It is the contention of the defendant that the plaintiff's fall was caused by her slipping on a paper bag on the floor of the bus, and denies that the stopping or slowing of the bus to avoid striking the so-called pick-up truck was the cause of the plaintiff's fall.

"* * * if you accept the contention of the defendant that plaintiff slipped on a paper bag and fell, then and in that event, her injury was

due to an unavoidable accident for which the defendant would not be liable."

Plaintiff promptly excepted to these instructions and contends here that the trial court erred in giving them, since there was no evidence which would support a finding that plaintiff's fall was caused by her slipping on a paper bag.

Whether there was error in giving the challenged instructions will, of course, depend upon the evidence submitted with reference to this question. It may be summarized as follows: Plaintiff testified that she did not at any time see any paper on the floor before she fell. She observed the spot and noticed nothing but dry dust there. Mrs. Lina B. Bastian, who accompanied her on the bus and observed her fall, testified that plaintiff fell as the result of a violent jerk given the bus as plaintiff walked to her seat in the rear thereof. The bus driver, Rene Deneau, testified that he had inspected the floor of the bus a short time before plaintiff fell and found it to be clean and dry and free from paper and other debris; that enroute when he checked the condition of the floor through his rearview mirror he had not noticed any paper or debris thereon at any time; and that after plaintiff had left the bus he had walked to the rear thereof and passed over the spot where she had fallen and had observed no paper or other debris thereon.

Richard Ammend testified that he had boarded the bus shortly prior to the accident and had noticed no paper bag on the floor thereof at that time. He described plaintiff's fall as follows:

"A. Well, she stepped on this paper bag, this empty paper bag that was laying on the floor there and went down on one knee in a manner like that, and she very quickly picked herself up though. * * *

\* \* \* \* \*

"Q. Did you observe what, if anything, occurred to her foot as she stepped on this paper bag?

"A. Not particularly, no. I didn't notice what manner or position her foot—I know she did go down like I said on that one knee, but I didn't notice—

\* \* \* \* \*

"Q. When was the first time you saw this paper bag on the floor?

"A.    It was right after this woman—at the time that she was falling, that was the first time I really noticed it.

\*    \*    \*    \*    \*

"Q.    [On cross-examination] And do you recall making the statement, Mr. Ammend, that 'After the fall and after she sat in her seat I saw an empty paper bag laying on the floor.' You recall making that statement?

"A.    Yes.

"Q.    And do you recall making the statement, 'This is the first time I saw the bag.'

"A.    That's right.

\*    \*    \*    \*    \*

"Q.    And it is true, is it not, that the first time that you noticed the bag was after Mrs. Sutton got up from the floor?

"A.    As given in that statement, yes."

"Q.    And didn't you make the statement that 'as the bus jerked to a stop I did not see this Mabel Sutton fall but I saw her after the bus had jerked to a stop. I saw her on the floor?'

"A.    Yes, I did."

The foregoing as summarized is everything submitted in support of defendant's contention that plaintiff's fall was due to the fact that she had slipped on a paper bag rather than to any negligence on the part of defendant in its operation of the bus. It seems clear that all testimony submitted is far removed from anything which could be deemed adequate to support a finding that plaintiff's fall had been thus occasioned. The most that can be said for Mr. Ammend's testimony is that he observed that plaintiff had possibly *stepped* on a paper bag. There is nothing therein to the effect that she had slipped on it or that it otherwise had caused her fall. When these inconclusive statements are viewed in the light of his admissions on cross-examination, it would seem clear that his testimony is of no weight whatever on the issue. In the absence of any affirmative evidence to support defendant's claim in this respect, the trial court was in error in instructing the jury that it might find in defendant's favor thereon. 14 Dunnell, Dig. (3 ed.) § 7174.

The order appealed from is reversed and a new trial granted.